## Michael et al. *v.* Export Coal Company, Appellant.

*New trial—Verdict against weight of evidence—Charge—Discretion—Abuse—No objection in court below.*

In an action of trespass to recover damages for coal taken from plaintiffs' property the evidence established that defendant was mining coal on adjacent land. Several holes appeared in the surface of plaintiffs' land near the dividing line. Defendant admitted having mined by mistake forty to fifty tons of coal under one of the holes, but claimed that they were due to subsidence on former workings of the plaintiffs' predecessor. Plaintiffs offered evidence that three thousand to four thousand tons had been removed and that the holes were not in the vicinity of any former mine workings. There was also evidence of the value of the coal in place at the pit's mouth.

Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

*Trial—Charge of court—Mistake—Failure to make objections—Failure to request for special instructions.*

In its charge the court made a mistake in naming the number of tons alleged to have been removed and failed to call the jury's attention to all the evidence of value. No objections were made and no special instructions were requested.

In such case counsel for defendant cannot contend that a new trial should be granted because of the error in the charge of the court, nor is the court to be charged with error in failing to instruct the jury on matters not at the root of the controversy when no request was made therefor.

Argued April 29, 1927. Appeal No. 163, April T., 1927, by defendant from judgment of C. P. Allegheny County, July T., 1923, No. 2308, in the case of Henry O. Michael et al. v. Export Coal Company, a corporation. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for removal of coal from plaintiffs' land. Before SWEARINGEN, J.

The opinion of the Superior Court states the case.

Verdict for plaintiff in the sum of $2400 and judgment thereon. Defendant appealed.

*Errors assigned* were insufficiency of evidence and the charge of the court.

*N. G. Scott,* of *Scott & Purdy,* for appellant.

*Wm. E. Hague,* and with him *Reed, Smith, Shaw & McClay,* for appellees.

OPINION BY HENDERSON, J., July 8, 1927:

The appellant complains that the court refused to grant a new trial. The action was brought to recover damages for coal alleged by the plaintiffs to have been mined and knowingly and intentionally removed by the defendant from their property. The controversy related to the quantity of coal removed, the value thereof and knowledge by the defendant of such removal. The plaintiffs were the owners of a body of land at the west end of a larger tract operated by the defendant, and it was alleged that the latter crossed the dividing line in working the vein of coal and removed a large quantity of coal belonging to the plaintiffs. It was admitted by the defendant that an intrusion had been made into the plaintiffs' coal and a quantity thereof removed which was estimated by the defendant not to exceed 40 or 50 tons, but this was stated to have been done unintentionally. The plaintiffs' evidence tended to show that in 1919 or 1920 there had been mined a quantity of coal amounting to from three to four thousand tons and that this was done, in large part at least, after notice to the defendant that it had 'trespassed on the plaintiffs' property. As evidence of the mining it was proved that four holes on the plaintiffs' property

366 MICHAEL et al. *v.* EXPORT COAL CO., Appel.

Opinion of the Court.    [91 Pa. Superior. Ct.

not far from the dividing line had been developed by the subsiding of the surface. These holes were spoken of as about thirty feet in diameter and the first one opened into a working on the defendant's property close to the line. The defendant contended that these were the result of mining years before by the plaintiffs' ancestor. The exact amount of coal taken out could not be measured because of the fallen roof and the impossibility of near approach from the east. As alleged by the plaintiffs the earlier workings on their land were not extended to the locality where the defendant's mining was said to have been done. Witnesses were examined at length in regard to the locality, the manner in and extent to which the plaintiffs' property had been worked and the amount of coal taken. Evidence was also offered as to the value of the coal in place and at the pit's mouth; it appearing that the coal was near the Lincoln Highway, easily accessible, and that there were several other mines in operation in the immediate neighborhood. The thickness of the vein of coal was proved and there was no serious contradiction on that subject. The appellant's counsel have made reference in the brief to apparent inconsistencies or contradictions in the evidence offered for the plaintiffs on account of which a new trial was asked, but this subject was evidently discussed in the arguments made to the jury and much of that now urged could very properly have been addressed to the jury. We have examined the testimony carefully and are not convinced that there is merit in the appellant's contention. There was competent evidence supporting the plaintiffs' claim. It was not so definite with respect to the time when coal was removed or the exact quantity taken as the appellant contends should have been shown, but in the circumstances, exactness could not be expected. If the defendant was a voluntary trespasser on the plaintiffs'

property, he cannot be heard to say that the plaintiffs are not entitled to any relief because they have not established, by mathematical accuracy, the measure of their injury. There was fairly definite evidence to support a finding by the jury of a loss for which compensation should be allowed. It is true the defendant denied the taking of more than the small quantity of coal above stated and it is admitted that coal mines had been operated on the plaintiff's property for a number of years, but the location of these mines and the extent to which they were worked, as well as the other evidence bearing on the quantity of coal removed by the defendant, was necessarily for the consideration of the jury. No request for binding instructions in favor of the defendant was made and the latter concedes that the case is for the jury. The question is not therefore what estimate the court might put on the testimony of the witnesses, but what credit the jury could give their testimony after hearing them and becoming familiar with the circumstances surrounding the litigated subject. It is complained that the court in the charge made a mistake in stating the amount of coal which the plaintiffs claimed they had lost, but in view of the amount of the verdict, we think this is not important especially when no reference was made to the mistake by the defendant's counsel at the close of the trial, nor any exception taken to the charge other than a general one. When the court asked, before sending the jury out, whether any special instructions were desired, no request was made or suggestion of correction of a mistake. The defendant cannot now be heard to contend that a new trial should be granted for this reason. Nor is the court to be charged with error in failing to instruct the jury on matters not at the root of the controversy when no request was made therefor. The charge of the court on the question of damages was fair and in accord with the law as announced in

Trustees, etc., v. Lehigh Valley Coal Co., 241 Pa. 469 and 481. The value of the coal in place was shown with such testimony as to its location as to make evidence admissible with respect to its value on a royalty. If, as may be assumed, the jury awarded treble damages, it cannot confidently be said that the amount of coal found to have been removed was excessive under the evidence. On review of the whole case we do not find any error that would support a conclusion that the trial judge was chargeable with an abuse of discretion in refusing to grant a new trial.

The judgment is therefore affirmed.